**No. 60627.**—Bluefries New York, Inc., and Amsterdam Continental Types & Graphic Equipment, Inc. *v.* United States, protest 199694–K (New York).

FORD, Judge: The suit listed above challenges the action of the collector of customs at New York in classifying certain imported merchandise as "Machines, n. s. p. f.," with the consequent levy of duty thereon at the rate of 13¾ percent ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739. Plaintiffs claim said merchandise to be properly dutiable at the rate of 12½ percent ad valorem under said paragraph 372, as modified by T. D. 52739, and T. D. 52820, as printing machinery.

At the trial of the case, there was admitted in evidence as exhibit 1 a sheet of paper, concerning which plaintiffs' witness testified as follows:

* * * I know that the machines we are talking about printed both lines and numbers on the sheet of paper that you are holding in your hand.

The sole witness, Cornelius M. Kroon, testified for the plaintiffs that he had been connected with the Amsterdam Continental Types & Graphic Equipment Co. for 5½ years, 3 years in the position of treasurer; that he had been fully trained in the plant of the company in Holland to do printing and other activities in this trade; and that he had visited most all of the factories whose business his

company represents or whose machinery it sells. He described the operation of the subject machine as follows:

The machine is designed to produce on sheets of paper lines, both in a horizontal and vertical direction which is done in two ways; as the paper goes through the machine the longitudinal lines are printed from brass discs that run into an ink fountain filled with aniline printing ink; the vertical lines are printed from rubber plates mounted on cylinders which also revolve in an ink bath; pressure is applied in both cases.

     \*      \*      \*      \*      \*      \*      \*

\* \* \* you will see on the sheet, Plaintiff's Exhibit 1, horizontal and vertical lines; as the paper goes through these lines it would be perhaps better to speak of longitudinal and transverse lines; the longitudinal lines are printed with the use of metal discs that have a face, they have an image that could be a thin line or a thick line or a parallel line; as the paper revolves over the printing cylinder, the rod with the brass discs having received aniline ink from the fountain are applied under pressure to the paper and thus produces ruled lines.

Now for the transverse lines, these are being printed from rubber plates specially vulcanized and mounted on a cylinder which also receives aniline ink from a fountain and again applied under pressure to the paper which passes by over a printing cylinder.

The witness explained how the numbers are impressed on exhibit 1 as follows:

\* \* \* I mentioned before that the machine utilizes especially vulcanized rubber plates which are mounted on the transverse printing cylinder; these rubber plates are used throughout the printing industry for this and other purposes and can be engraved with any pattern, or line or design, similar to what you find in wall paper, or in the design of printing that you find on the inside of envelopes. Along the same lines these cylinders can be provided with special numbering rings to be inserted on the proper places on which these numbers are engraved and with the aid of which numbers can be imprinted on the sheet.

     \*      \*      \*      \*      \*      \*      \*

The pen ruling machine very definitely could not do all this shown on Plaintiff's Exhibit 1 in one operation, in that it definitely could not print numbers or figures.

The witness also testified that "\* \* \* it has been estimated by our firm that this machine could do work up to ten times the old style machine," this reference being to the old-style pen-ruling machine, which did not print at all, but only produced lines on paper by means of pen nibs and ink, these lines being as long or as short as desired. However, the pen-ruling machine cannot produce the transverse and longitudinal lines in one operation and cannot place the figures or numbers on the sheet of paper at all. In the subject machine, the length and width of the lines to be produced are fixed with certainty before the sheet of paper is fed into the machine. The longitudinal lines are impressed upon the paper with the use of metal disks that have a face and receive aniline ink from the fountain; the transverse lines are impressed upon the paper with the use of rubber plates, specially vulcanized and mounted on a cylinder, which also receives aniline ink from the fountain, and is applied under pressure to the paper, thus producing ruled lines; along the same lines, these cylinders are provided with special numbering rings, which are mounted on the transverse cylinder to be inserted in the proper places on which these numbers are engraved, and, with the use of which, numbers are printed on the sheet of paper.

Webster's New International Dictionary, second edition, Unabridged (1955), at page 1967, defines "print" and "printing" as follows:

**print,** *n.* **1.** A mark made by impression; a line, character, figure, or indentation, made by the pressure of one thing on another.

**print,** *v. Transitive:* **1.** To fix or impress, as a stamp, mark, character, idea, etc., into or upon something or someone.

**print,** *v.* * * * **6.** To stamp or impress with characters, figures, patterns, or the like, transferred by pressure from plates, types, or the like; as, to *print* cards also, to transfer an impression of;—often with *on*; as, to *print* a design on calico.

**printing.** *n.* **1.** Act, art, or practice of impressing letters, characters, or figures on paper, cloth, or other material.

The evidence establishes beyond doubt that the subject machine makes marks by impression upon paper. The machine produces lines, characters, figures, or indentations by the pressure of one thing on another. It stamps or impresses with characters, figures, patterns, or the like, transferred by pressure from plates, types, or the like. The work of the involved machine is also the act, art, or practice of impressing letters, characters, or figures on paper. This would appear to completely answer all the requirements of "print" and "printing," quoted above. A machine that prints, and performs no other operation, could not be other than a printing machine.

Counsel for the plaintiffs quotes the following from the case of *United States* v. *Perry Ryer & Co.*, 41 C. C. P. A. (Customs) 18, C. A. D. 524, as supporting their contention that the involved machine is a printing machine:

It is our view that a device, to fall within the classification of printing machinery, must print something. * * *

We consider the above quotation to be a correct statement of the law on what constitutes a printing device. In order for a machine to be a printing machine, it must print something.

Counsel for the defendant attempts to confine the provision for printing machinery, to the definition of typography. To thus limit the provision for printing machinery, would confine it to typographical machinery. Had the negotiators desired to so limit the provision, this could have been done by using the term "typographical machinery" instead of the term "printing machinery." Since the provision for printing machinery was employed by the negotiators in said paragraph 372, we would not feel justified in attempting to so construe said provision as to limit it to typography machinery.

In the absence of a more specific provision, the provision for "printing machinery" in paragraph 372, as modified, *supra*, certainly comprehends and includes the subject printing machine.

Upon a consideration of the record and for the reasons stated, we hold the subject merchandise to be a printing machine, and dutiable, as such, at the rate of 12½ percent ad valorem under paragraph 372 of the Tariff Act of 1930, as modified, *supra*, as alleged by the plaintiffs.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.